CHRISTINA V. TUSAN
 Cal Bar. No. 192203; ctusan@ftc.gov
JOHN D. JACOBS
Cal. Bar No. 134154; jjacobs@ftc.gov
THOMAS J. SYTA
Cal. Bar No. 116286; tsyta@ftc.gov
BARBARA CHUN
Cal. Bar No. 186907; bchun@ftc.gov
FEDERAL TRADE COMMISSION
10877 Wilshire Blvd., Suite 700
Los Angeles, CA 90024
Tel: (310) 824-4343; Fax: (310) 824-4380

SARAH E. SCHROEDER
Cal. Bar No. 221528; sschroeder@ftc.gov
KAREN GOFF
 G-waived; kgoff@ftc.gov
FEDERAL TRADE COMMISSION
901 Market St., Suite 570
San Francisco, CA 94103

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>DEVRY EDUCATION GROUP INC., formerly known as DeVry Inc., a corporation;<br><br>    Defendants. | Case No. 2:16-cv-00579-MWF (SSx)<br><br>**ORDER RE DUTY TO SUPPLEMENT DISCOVERY RESPONSES** |

After conferring, the parties have agreed to entry of an order with the terms set forth below.  Accordingly, **IT IS HEREBY ORDERED:**

1. Except as provided in Paragraph 3, below, Plaintiff is under no obligation to supplement its responses to Defendants' discovery requests in this matter by identifying (e.g., with specific Bates numbers) or producing documents that Defendants or any other entity produced in response to a Civil Investigative Demand that the Commission issued during the course of its pre-Complaint investigation of Defendants.

2. Except as provided in Paragraph 3, below, Defendants are under no obligation, after providing their responses to any discovery Plaintiff may propound in this case, to supplement such responses by identifying (e.g., with specific Bates numbers) or producing documents that Defendants or any other entity produced in response to a Civil Investigative Demand that the Commission issued during the course of its pre-Complaint investigation of Defendants.

3. Provided, however, that the parties shall supplement their responses to any contention discovery (interrogatories or document requests), by identifying any additional responsive documents on which they reasonably expect to rely in support of any claims or defenses at trial or in a motion for summary judgment, within a reasonable amount of time before the cutoff date for fact or expert discovery so as to allow the receiving party to conduct and complete fact and expert discovery related to the documents or information in the supplemental responses.  For purposes of this Paragraph, in evaluating whether a supplemental response has been provided "within a reasonable amount of time," the parties and the Court shall consider the totality of the circumstances.

IT IS SO ORDERED.

Dated: 10/21/16                                       /S/
                                                Hon. Suzanne H. Segal
                                                United States Magistrate Judge